UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| DANIELLE NICOLE MILLER, | ) | |
| Individually and as Personal Representative | ) | |
| of the ESTATE OF MICHAEL J. MILLER, | ) | |
| deceased, MLM, a minor child, KENT A. | ) | |
| MILLER, and DEIDRE BOCKELMAN, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1626-RLY-TAB |
| | ) | |
| MICHAEL D. SCHRADER, Individually | ) | |
| and as Sheriff of Whitley County, Indiana, | ) | |
| THE WHITLEY COUNTY SHERIFF'S | ) | |
| DEPARTMENT, WENDELL ENYEART, | ) | |
| Individually and as Administrator of the | ) | |
| Whitley County Jail, WHITLEY COUNTY | ) | |
| and the WHITLEY COUNTY BOARD OF | ) | |
| COMMISSIONERS, TODD REED, PAUL | ) | |
| E. WHITESELL in his official capacity as | ) | |
| Superindent of the Indiana State Police and | ) | |
| the INDIANA STATE POLICE, | ) | |
| BRANDON CHORDAS, and JANE DOES | ) | |
| and JOHN DOES whose names remain | ) | |
| unknown, | ) | |
| Defendants. | | |

**ENTRY ON STATE DEFENDANTS' MOTION TO DISMISS AND COUNTY DEFENDANTS' MOTION TO DISMISS AND MOTION TO TRANSFER VENUE**

This matter is before the court on three motions: a motion to dismiss filed by

Defendants Paul E. Whitesell ("Superintendent Whitesell"), the Indiana State Police, and

Todd Reed ("Trooper Reed") (collectively "State Defendants"); a motion to dismiss filed

by Defendants Whitley County and Whitley County Board of Commissioners ("County

1

Defendants"); and a motion to transfer venue filed by the County Defendants.  For the reasons set forth below, the State Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part; the County Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part; and the County Defendants' motion to transfer venue is **GRANTED**.

## I.     Background

Plaintiffs, Danielle Miller, individually and as personal representative of the Estate of Michael Miller, MLM (a minor child), Kent Miller, and Deidre Bockelman ("Plaintiffs") brought this suit against the State Defendants, County Defendants, and other Defendants not the subject of the present motions, asserting claims arising out of the death of Michael Miller ("Decedent") on June 17, 2005, while he was incarcerated at the Whitley County Jail.  (Complaint ¶¶ 55–57).

On May 8, 2004, Decedent was stopped by Trooper Reed in Whitley County, Indiana, for driving his car left of center.  (*Id.* ¶¶ 12, 108).  As a result of the traffic stop, Trooper Reed arrested Decedent.  (*Id.* ¶ 16).  On May 16, 2005, Decedent pleaded guilty to charges arising out of the traffic stop "to avoid the risk of a greater sentence or additional charges."  (*Id.* ¶ 19).  The Complaint does not state the charges to which Decedent pleaded guilty.  As part of his sentence ordered as a result of the plea bargain, Decedent was placed on the Work Release Program administered through the Whitley County Jail.  (*Id.* ¶ 20).  Under this program, Decedent was released from the Whitley County Jail in the morning, worked at his family's businesses during the day, and

returned to the Whitley County Jail at night.  (*See id.* ¶¶ 22–23).

Prior to his incarceration, Decedent had been prescribed a number of medications by his physician.  (*Id.* ¶ 25).  Jail personnel were notified of Decedent's prescriptions and the health conditions for which they were prescribed, but neither the jail physician nor the jail nurse contacted Decedent's physician to discuss his medical history.  (*Id.* ¶ 27).

On June 16, 2005, the day before Decedent's death, Decedent left the jail at approximately 10:00 a.m., worked during the day, and returned at approximately 7:10 p.m. that evening  (*Id.* ¶¶ 22–23).  When he returned to the jail that night, Decedent was coherent and in control of his faculties, but demonstrating obvious adverse effects from his medication.  (*Id.* ¶ 24).  Throughout the evening, Decedent's condition worsened to the point that Decedent was unable to stand on his own or sign his name on the med-cart log when he received his medications.  (*Id.* ¶ 33).  Neither the jail physician nor the jail nurse were contacted about Decedent's condition.  (*Id.* ¶ 34).  After receiving his medications, Decedent became more incoherent, started stumbling around the jail, fell asleep while eating, and became unable to communicate.  (*Id.* ¶ 36).

Subsequent to exhibiting this behavior, Decedent spoke on the phone to both his grandmother and his wife and told them he would contact the jail nurse.  (*Id.* ¶¶ 40, 42).  In order to see the jail nurse or jail physician that night, who were not on duty, Decedent would have had to complete a request form, which he was unable to do because of his condition.  (*Id.* ¶¶ 41, 43).  During lock down that evening at 11:30 p.m., Decedent stumbled and swayed as he attempted to walk to his cell.  (*Id.* ¶ 45).  Around 2:00 a.m. or

3:00 a.m., a jail officer shined a light into Decedent's cell, found him lying on the floor near the toilet with red fluid coming from his mouth, and told him to return to his bunk. (*Id.* ¶¶ 47–48).  Decedent tried to comply with the request but could only stagger around his cell; the jail officers had to assist Decedent into his bunk.  (*Id.* ¶¶ 49, 52).  The jail officers did not investigate Decedent's condition or attempt to contact the jail nurse or jail physician.  (*Id.* ¶¶ 50–51).

No one checked on Decedent until 6:40 a.m. the next morning, June 17, 2005, when another inmate, concerned about Decedent's absence from breakfast, went to his cell and found Decedent in bed not moving.  (*Id.* ¶¶ 52, 54–55).  Decedent was blue and cold to the touch—he was pronounced dead at 6:54 a.m. on June 17, 2005.  (*Id.* ¶¶ 56–57).

## II.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  On a motion to dismiss, the court accepts all facts in the complaint as true and draws all reasonable inferences in plaintiff's favor.  *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

While a complaint need only contain a "short plain statement of the claim," FED. R. CIV. P. 8(a)(2), it must include sufficient factual allegations "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Said another way, the complaint must provide 'enough detail to give the

defendant fair notice of what the claim is and the grounds upon which it rests, and, through [its] allegations, show that it is plausible, rather than merely speculative, that [plaintiff] is entitled to relief.'"  *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007)).

## III.   State Defendants' Motion to Dismiss

Plaintiffs' Complaint in this case alleges two counts against the State Defendants. Count III is a state law wrongful death claim, alleging that as a proximate result of Decedent's unlawful arrest and detainment arising out of Trooper Reed's traffic stop without legal cause, Decedent was incarcerated in the Whitley County Jail where he died.  Count V is a state and federal abuse of process claim, which encompasses claims for unreasonable seizure[1] against Trooper Reed and claims for failure to train and supervise against the Indiana State Police under 42 U.S.C. § 1983.  The State Defendants now seek dismissal of these claims on three grounds: (1) the Indiana State Police and Superintendent Whitesell are entitled to sovereign immunity; (2) Plaintiffs' claims against the State Defendants seek to invalidate Decedent's conviction and are thus barred; and (3) Plaintiffs' claims against the State Defendants are barred by the applicable statute of limitations.

---

[1] Plaintiffs' brief in response to the State Defendants' motion to dismiss references Trooper Reed's allegedly unlawful stop, detention, and search of Decedent, citing paragraphs ninety through ninety-two of Plaintiffs' Complaint.  (Pl. Br. 8).  However, the cited paragraphs reference only the allegedly unlawful stop and detention, with no mention of an unlawful search. Without some allegation in the Complaint that Trooper Reed conducted an unlawful search, the court will not consider that claim.

## A.    Sovereign Immunity

The doctrine of sovereign immunity espoused by the Eleventh Amendment to the

United States Constitution prohibits lawsuits against states by their own citizens.  *Hans*

*v. Louisiana*, 134 U.S. 1, 15–18 (1890).  This Eleventh Amendment immunity extends to

lawsuits against state agencies, *see Endres v. Ind. State Police*, 349 F.3d 922, 927 (7th

Cir. 2003), and those against state officials in their official capacities, *Will v. Mich. Dep't*

*of State Police*, 491 U.S. 58, 71 (1989), because suing those entities is no different than

suing the state itself, *id.*  The Indiana State Police is an agency of the State of Indiana.

*See Endres*, 349 F.3d at 927 (considering the Indiana State Police a unit of state

government).

However, there are exceptions to the States' sovereign immunity.  *Peirick v. Ind.*

*Univ.–Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007).  In

certain situations, Congress may abrogate the States' sovereign immunity.  *Seminole*

*Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996).  However, Congress did not abrogate

the States' sovereign immunity in enacting 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S.

332, 341–42 (1979).  A state is not a "person" under § 1983.  *Will*, 491 U.S. at 64.  In

this case, Plaintiffs sued the Indiana State Police and Superintendent Whitesell, in his

official capacity, for violations of decedent's federal constitutional rights under § 1983.

As discussed above, suits against these arms of state government are no different than

suing the State of Indiana itself.  Because § 1983 did not abrogate Indiana's sovereign

immunity, Plaintiffs' § 1983 claims against the Indiana State Police and Superintendent

6

Whitesell are barred.

In addition to the § 1983 claims, Plaintiffs also bring state law tort claims against the State Defendants, including wrongful death and false arrest, and the court must address whether the Indiana State Police and Superintendent Whitesell are immune from those claims. A state may waive sovereign immunity by consenting to suit in federal court. *Peirick*, 510 F.3d at 695. Through the Indiana Tort Claims Act ("ITCA"), Indiana has consented to be sued in tort, as long as a claimant provides proper notice. *Brown v. Alexander*, 876 N.E.2d 376, 380 (Ind. Ct. App. 2007). However, the ITCA does not act as "consent by the state of Indiana or its employees to be sued in any federal court." IND. CODE § 34-13-3-5(f)(2). Therefore, the state law tort claims against the Indiana State Police and Superintendent Whitesell are barred by the doctrine of sovereign immunity because the State of Indiana has not consented to suit in federal courts.

For these reasons, Plaintiffs' state and federal claims against the Indiana State Police and Superintendent Whitesell are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

This ruling does not affect Plaintiffs' claims against Trooper Reed, which are

---

[2] Where claims are barred by the Eleventh Amendment, the parties dispute whether dismissal under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction, or Rule 12(b)(6), for failure to state a claim, is proper. In *Blagojevich v. Gates*, the Seventh Circuit clarified that sovereign immunity is not a jurisdictional doctrine as evidenced by the ability of governments to waive the immunity. 519 F.3d 370, 371 (7th Cir. 2008). "[S]overeign immunity does not diminish a court's subject matter jurisdiction." *Id.* Therefore, the dismissal in this case, based on sovereign immunity, is under Rule 12(b)(6), not Rule 12(b)(1).

brought against him in his individual capacity.  *See Hafer v. Melo*, 502 U.S. 21, 23

(1991) (holding that state officials sued in their individual capacities are "persons" under

42 U.S.C. § 1983).  The State Defendants make a passing reference to Trooper Reed's

immunity from Plaintiffs' state law tort claims under Indiana Code § 34-13-3-5.

However, the State Defendants do not develop this argument or support it with citation

to legal authority.  Thus, the court will not consider it.  *See United States v. Jones*, 224

F.3d 621, 626 ("Arguments that are not adequately developed or supported are waived . .

. .").  Plaintiffs' state law tort claims against Trooper Reed therefore remain at this point.

With this in mind, the court considers the State Defendants' remaining arguments

with respect to Trooper Reed, below.  As these arguments seek dismissal under § 1983

principles alone, the court does not consider these arguments with respect to Plaintiffs'

state law claims.

### B.    Invalidating Decedent's Conviction

The State Defendants next argue that because Plaintiffs' claims against them seek

to invalidate Decedent's conviction, those claims are barred by the Supreme Court's

decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and should be dismissed under Rule

12(b)(6).

In *Heck*, the Supreme Court held that where a § 1983 plaintiff seeks damages for

an allegedly unconstitutional conviction or imprisonment or other harm whose

unlawfulness would invalidate a conviction or sentence, the plaintiff must "prove that the

conviction or sentence has been reversed on direct appeal, expunged by executive order,

8

declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

512 U.S. at 486–87.  This showing (i.e., that a conviction or sentence has been reversed,

expunged, etc.) is only required where a judgment in favor of a § 1983 plaintiff

"necessarily impl[ies] the invalidity of his conviction or sentence."  *Id.* at 487.

The Supreme Court distinguished those cases where a judgment in plaintiff's

favor would not necessarily invalidate the underlying conviction:

> For example, a suit for damages attributable to an allegedly unreasonable
> search may lie even if the challenged search produced evidence that was
> introduced in a state criminal trial resulting in the § 1983 plaintiff's still-
> outstanding conviction.  Because of doctrines like independent source and
> inevitable discovery, and especially harmless error, such a § 1983 action,
> even if successful, would not *necessarily* imply that the plaintiff's
> conviction was unlawful.

*Id.* at 487 n.7 (internal citations omitted).  In contrast, a plaintiff's § 1983 claim for

unreasonable seizure under the Fourth Amendment would be barred by *Heck* where the

plaintiff was convicted of resisting arrest, a crime that is defined as preventing an officer

from effecting a lawful arrest, because to prevail, plaintiff would have to negate an

element of the underlying conviction, namely, that the arrest was lawful.  *Id.* at 486 n.6.

The Supreme Court rejected a bright-line rule that a § 1983 action would always

be cognizable where a § 1983 claim alleges the procedures in obtaining the conviction

were unconstitutional but not the conviction itself.  *See Edwards v. Balisok*, 520 U.S.

641, 645 (1997).  Rather, "*Heck* requires an inquiry into the nature of the allegations and

whether the entire claim for damages would, if proven, necessarily imply the invalidity

of the conviction or sentence. *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (citing *Edwards*, 520 U.S. at 646–48).

In the present case, the Complaint does not state the offense with which Decedent was charged and/or the offense of which he was convicted. The Complaint does allege that Decedent was pulled over for driving left of center.[3] (Complaint ¶ 108). It alleges that the traffic stop, which led to Decedent's arrest, and the detention were without probable cause. (Complaint ¶ 90). In addition, the Complaint alleges that Trooper Reed submitted false or materially misleading information in order to cause Decedent's prosecution and incarceration. (Complaint ¶ 16). The Complaint does not specifically allege that his conviction itself was unlawful under the Constitution, likely because Decedent pleaded guilty. *See United States v. Broce*, 488 U.S. 563, 569 (1989) (discussing that where a guilty plea is counseled and voluntary, a collateral attack on the plea and conviction is foreclosed).

In an attempt to invoke the *Heck* principles, the State Defendants liken Plaintiffs' abuse of process claims to a claim for malicious prosecution, which is not a constitutional tort under § 1983. *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir.

---

[3] The court recognizes that under Indiana law, law enforcement officers do not have authority to arrest individuals for committing traffic infractions. *Taylor v. State*, 842 N.E.2d 327, 333 (Ind. 2006). Driving left of center is a traffic infraction that falls under § 9-21-8-2(a) of the Indiana Code. *See* IND. CODE § 9-21-8-2(a) ("Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway . . . ."); IND. CODE § 9-21-8-49 ("Except as provided in sections 50, 51, 52, 54, 55, and 56 of this chapter, a person who violates this chapter commits a Class C infraction."). Because arrests are not permitted for traffic infractions, Decedent's arrest must have been for something other than "driving left of center," the infraction for which he was initially stopped.

2001).  However, Plaintiffs' response brief makes clear that Plaintiffs are not asserting a claim for malicious prosecution under § 1983.  (Pls.' Resp. Br. 10) ("Plaintiffs have made no claims for malicious prosecution . . . .").  Rather, their claims are for unlawful stop and detention.  (Pls.' Resp. Br. 8).

Without knowing the offense to which Decedent pleaded guilty and of which he was convicted, the court cannot rule as a matter of law that these § 1983 claims for unlawful stop and detention are barred because the claims seek to invalidate Decedent's conviction.  As noted above, *Heck* requires an inquiry into the nature of the allegations to determine if prevailing in a § 1983 suit would invalidate the underlying conviction.  *Knowlin*, 207 F.3d at 909.  The court is unable to make such an inquiry here without knowing the underlying conviction.  Further, the mere fact that Plaintiffs allege Decedent was stopped and arrested unlawfully does not necessarily imply that his conviction was also unlawful.  *See Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment.").  Drawing reasonable inferences in Plaintiffs' favor, the court cannot rule as a matter of law that Plaintiffs' claims against Trooper Reed are barred by the principles espoused in *Heck*.  The State Defendants' motion to dismiss on this ground is therefore denied.

## C.  Statute of Limitations

The State Defendants last seek to dismiss Plaintiffs' claims against them on the

11

ground that they are barred by the applicable statute of limitations.  Decedent's allegedly
unlawful stop and detention by Trooper Reed occurred on May 8, 2004.  Decedent died
on June 17, 2005.  The present lawsuit was filed on November 9, 2006.

Claims under § 1983 are subject to the state statute of limitations governing
personal injury actions in the state where the alleged injury occurred.  *Farrell v.
McDonough*, 966 F.2d 279, 282 (7th Cir. 1992).  When a federal court borrows a state
statute of limitations, such as in § 1983 suits, the court must borrow the state's tolling
provisions as well.  *Bailey v. Faulkner*, 765 F.2d 102, 104 (7th Cir. 1985) (citing *Bd. of
Regents v. Tomanio*, 446 U.S. 478 (1980)).  In Indiana, the statute of limitations for
personal injury actions is two years after the cause of action accrues.  IND. CODE § 34-
11-2-4(1).  The parties in this case do not dispute that the cause of action against Trooper
Reed accrued on May 8, 2004, when he allegedly deprived Decedent of his constitutional
rights by stopping and detaining him without probable cause.  Therefore, absent an
Indiana tolling provision, the statute of limitations on Plaintiffs' § 1983 claims against
Trooper Reed would have run on May 8, 2006, six months before Plaintiffs filed suit.

However, Indiana Code § 34-11-7-1 provides:

If any person entitled to bring, or liable to, any action, dies before the
expiration of the time limited for the action, the cause of action:

(1) survives to or against the person's representatives; and

(2) may be brought at any time after the expiration of the time
limited within eighteen (18) months after the death of the person.

IND. CODE § 34-11-7-1.  "The purpose of [IND. CODE § 34-11-7-1] is to extend general

statutes of limitation to permit the filing of a complaint beyond the limitations period where death intervenes within 18 months of and preceding the close of the ordinary period of limitation." *Shearer v. Pla-Boy, Inc.*, 538 N.E.2d 247, 252 (Ind. Ct. App. 1989) (allowing plaintiffs eighteen months from the death of defendant to open that defendant's estate and file suit against his personal representative where defendant died after two-year limitations began running and eleven months before it expired).

Thus, in this case, where the statute of limitations started running on May 8, 2004, and Decedent died on June 17, 2005, approximately eleven months before the limitations period expired, Indiana Code § 34-11-7-1 applies.  Measuring eighteen months from the date of Decedent's death, the statute of limitations did not expire until December 17, 2006.  Plaintiffs filed the present suit on November 9, 2006, undisputably within the statute of limitations as extended by § 34-11-7-1.  As such, Plaintiffs' § 1983 claims against Trooper Reed are not barred by the statute of limitations.  The State Defendants' motion to dismiss is denied on that ground.

For the foregoing reasons, the State Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.  The Indiana State Police and Superintendent Whitesell, sued in his official capacity, are entitled to sovereign immunity, and on that ground, the State Defendants' motion is granted.  However, Plaintiffs' claims against Trooper Reed are not barred by the *Heck* principles or the applicable statute of limitations, and on those grounds, the State Defendants' motion is denied.  Plaintiffs' claims against the Indiana State Police and Superintendent Whitesell are therefore dismissed from the present suit.

13

Plaintiffs' state and federal claims against Trooper Reed remain.

## IV.    The County Defendants' Motion to Dismiss

The County Defendants move to dismiss Plaintiffs' claims against them, asserted in Count I and Count IV of the Complaint, on the following grounds: the Whitley County Board of Commissioners is the wrong party to sue where funding deficiencies are alleged; the County Defendants do not have control over the operation of the Whitley County Jail; Plaintiffs otherwise fail to state a claim against the County Defendants; and the individual Plaintiffs have no standing to bring a § 1983 action. The court addresses each of these arguments below.[4]

### A.    Whitley County Board of Commissioners as a Proper Party

The County Defendants assert that Plaintiffs' Complaint fails to state a claim against them because, where the allegations involve the issue of funding, such as here, the Whitley County Council, as the fiscal body of Whitley County, is the proper party to sue. While the County Defendants are correct in asserting that the county council is the

---

[4] In its moving brief, the County Defendants also move for dismissal of Plaintiffs' Complaint to the extent Plaintiffs assert an independent claim based on the lack of an inmate classification system and the lack of a staffing survey at the Whitley County Jail, citing paragraphs 99–100 of the Complaint. Plaintiffs concede that the allegations in paragraphs 99 and 100 are not the basis of an independent cause of action; rather they assert those allegations are causes of the Whitley County Jail staff's failure to provide Decedent with proper medical care. (Plaintiffs' Resp. Br. 10).

Also, the County Defendants seek dismissal of any claims Plaintiffs have against the members of the Whitley County Board of Commissioners in their individual capacities. Plaintiffs clarify in their response brief that they are not making individual capacity claims against the board members. (Plaintiff's Resp. Br. 11).

To the extent the Complaint may be read to raise these claims, the County Defendants' motion to dismiss those claims is granted.

entity that is ultimately charged with approving the county budget, *see* I<span>ND</span>. C<span>ODE</span> § 36-2-5-11, it is the board of commissioners that is charged with the duty to maintain the county jail, I<span>ND</span>. C<span>ODE</span> § 36-2-2-24, and prepare an estimate of expenses needed for the jail, *see* I<span>ND</span>. C<span>ODE</span> § 36-2-5-7.  In addition, "[t]he board of commissioners is the corporate entity representing the county through which it acts, and is in legal contemplation the county."  *Owen County Council v. State ex rel. Galimore*, 95 N.E. 253, 256 (Ind. 1911); *see also Bd. of Comm'rs of Newton County v. Wild*, 76 N.E. 256, 257 (Ind. App. 1905) ("The county is known in law only by its board of commissioners, and acts, as a county, through its board.").

Because the Whitley County Board of Commissioners is charged with the duty of maintaining the Whitley County Jail and designating funds for its maintenance and is the entity through which Whitley County acts, Plaintiffs properly sued the County Defendants (Whitley County and the Whitley County Board of Commissioners).  The County Defendants' motion to dismiss on that ground is **DENIED**.

### B.      **Count I—Control over the Whitley County Jail**

The County Defendants also seek to dismiss the claims raised against them in Count I of Plaintiffs' Complaint.  Count I alleges:

> The Sheriff and Sheriff's Department (see Ind. Code § 36-2-3-5), Administrator (see 210 IAC 3-1-1), and Whitley County and the Whitley County Board of Commissioners (see Ind. Code § 36-2-2-24) were responsible for the administration of, supervision of those operating, operation, and creation of policies for the administration, supervision and operation of the Jail and for providing inmates with health care while incarcerated in the Jail.

(Complaint ¶ 78).  The specific allegations in Count I all relate to certain policies and alleged failures to take care of inmates at the Jail.  (*See* Complaint ¶¶ 80–82).

While a plaintiff may properly raise a claim against a municipality under 42 U.S.C. § 1983 for policies or customs that allegedly violate the plaintiff's constitutional rights, *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–91 (1978), the municipality may only be liable under § 1983 where the municipality itself causes the alleged constitutional violation, *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).  Where a county has no authority to train jail employees or to set policies at that jail, the county may not be liable under § 1983 because such policies are unrelated to the county.  *Id.*  Under Indiana law, a county's only duty with respect to a county jail is "to keep the jail open for use and in good repair."  *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356 (Ind. Ct. App. 1994) (interpreting IND. CODE § 36-2-2-24).  Administering the jail in a manner that preserves the safety of inmates is a statutory duty falling solely within the province of the county sheriff.  *Id.*

In this case, Count I relates solely to the administration of the Whitley County Jail.  Because the County Defendants have no control over the administration of the Jail, they cannot be liable under *Monell* for an alleged constitutional violation arising from administration polices.  The County Defendants' motion to dismiss Count I against them is therefore granted.

16

**C.     Count IV—Allegations of Under-Funding and Causation**

The County Defendants next argue Plaintiffs' allegations in Count IV—that the County Defendants' failure to provide sufficient funds to the Jail constituted deliberate indifference to inmates' serious medical needs—fail to state a claim.  Additionally, the County Defendants argue that even if those allegations state a claim, they must still be dismissed because Plaintiffs allege that Decedent died because the jail staff were aware of Decedent's condition but did not contact the jail doctor or jail nurse.  Thus, additional funds for medical staff would not have prevented Decedent's death.

The County Defendants challenge Plaintiffs' under-funding allegations on the ground that while failing to provide such funds may have resulted in the Sheriff being unable to comply with the Indiana Jail Standards, failure to comply with state law is not a constitutional violation challengeable under 42 U.S.C. § 1983.  *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).  However, Plaintiffs' complaint does not allege that the County Defendants violated the Constitution because they violated the Indiana Jail Standards.  Rather, Plaintiffs' Complaint alleges that "[t]he funds provided for the Jail by the Board were insufficient to permit safe operation of the Jail . . . and otherwise reflect the Board's deliberate indifference to inmates' serious needs for health care." (Complaint ¶ 98).

Deliberate indifference to prisoners' serious medical needs violates the Eighth Amendment.  *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  Whether the County

17

Defendants actually violated the Eighth Amendment in allegedly under-funding the Jail is irrelevant for purposes of a motion to dismiss.  Plaintiffs allege that the County Defendants failed to provide sufficient funding to the Jail to permit its safe operation; that the Whitley County Board of Commissioners is the entity responsible for providing those funds; and that the failure constitutes deliberate indifference to inmates' serious needs for health care.  These allegations suggest that Plaintiffs have a plausible right to relief and are therefore sufficient to withstand a motion to dismiss.  *See Wilson v. Cook County Bd. of Comm'rs*, 878 F. Supp. 1163, 1170 (N.D. Ill. 1995) (denying motion to dismiss against the county board of commissioners where Plaintiff alleged that, despite knowledge of the punitive conditions at the county jail, the board of commissioners failed to provide the sheriff with sufficient funds to alleviate the problems).

The County Defendants next assert that even if Plaintiffs' under-funding allegations state a claim, their motion to dismiss should still be granted because Plaintiffs cannot show that the under-funding caused Decedent's death.  Because Plaintiff alleges that the jail staff were aware of Decedent's condition but failed to alert the jail doctor or nurse, the County Defendants argue that more funding for more medical staff would not have prevented Decedent's death.  However, Plaintiffs allege that the insufficient funds resulted not only in a shortage of medical staff but also in staff that were not trained to recognize and respond to inmates' serious medical needs.  (Complaint ¶¶ 95–98).  Stated another way, Plaintiffs allege that if the County Defendants would have adequately funded the jail, then the staff would have been trained to recognize the symptoms of a

18

prisoner in need of serious medical help and would have known to call the jail doctor or nurse upon seeing someone in Decedent's condition.  As alleged, it was not only the lack of medical staff but the lack of training to recognize medical problems that resulted in Decedent's death.  As such, Plaintiffs' allegations show a sufficient causal link to state a claim against the County Defendants.

For these reasons, Plaintiffs' adequately state a claim against the County Defendants for under-funding the Whitley County Jail.  The County Defendants' motion to dismiss on this ground is denied.

### D.    Standing of Individual Plaintiffs under § 1983

The County Defendants also seek to dismiss the individual Plaintiffs because they do not have standing to bring a claim under 42 U.S.C. § 1983 for Decedent's death.  The individual Plaintiffs and their relationship to Decedent are as follows: Danielle Nicole Miller is Decedent's widow; MLM is Decedent's surviving minor child; Deidre Bockelman is Decedent's mother; Kent Miller is Decedent's father.  (Pls.' Response Br. 11).

First, the court will address the standing of Decedent's parents to bring a § 1983 action on their own behalf for the death of their son, Decedent.  In *Russ v. Watts*, the Seventh Circuit held that parents of an adult child do not have "a constitutional right to recover for the loss of the companionship of an adult child when that relationship is terminated as an incidental result of state action."  414 F.3d 783, 791 (7th Cir. 2005). However, the Court noted that the parents may have a claim where the state action was

19

directed at interfering with the parent-child relationship.  *Id.* at 787, 788, 790.  In this
case, there are no allegations that the actions of any of the Defendants, including the
County Defendants, were aimed at interfering with the relationship between Decedent
and his parents.  In fact, Plaintiff's Complaint does not even state that Deidre Bockelman
and Kent Miller are Decedent's parents.  (*See* Complaint; Pls.' Response Br. 11).  As
such, Decedent's parents do not have a constitutional claim against any of the
Defendants arising out of Decedent's death.  The County Defendants' motion to dismiss
Deidre Bockelman and Kent Miller is granted.

Next, the court must consider whether Decedent's widow, Danielle Miller, may
assert an individual constitutional claim under § 1983 arising out of Decedent's death.
In *Thompson v. City of Chicago*, the Seventh Circuit held that the wife of a man who
died in police custody did not have standing to pursue an individual action under § 1983
where she did not allege that her husband was killed for the specific purpose of
terminating his relationship with his family.  472 F.3d 444, 452 n.25 (7th Cir. 2006)
(citing *Russ*, 414 F.3d at 790).  Such is the case here.  Danielle Miller does not allege
that the actions of any of the Defendants were for the specific purpose of terminating
Decedent's relationship with his family.  Thus, Danielle Miller does not have standing to
bring an individual constitutional claim arising out of her husband's death.  The County
Defendants' motion to dismiss Danielle Miller, in her individual capacity, is granted.

Lastly, the court must consider whether Decedent's minor child, MLM, has
standing to pursue an individual constitutional claim arising out of the death of his/her

father.  The Seventh Circuit has not directly addressed this issue.  However, its reasoning in *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), provides some guidance on the issue.  In holding that the parents in *Russ* did not have a constitutional right to recover for the loss of their son, the Court distinguished those cases where the termination of the parent-child relationship was not merely an incidental result of the state action.  *Id.* at 790, 791. The cases recognizing a liberty interest in the parent-child relationship involved state action that was "deliberate" and "specifically aimed at interfering with [the parent-child] relationship."  *Id.* at 788–89.  The Court stated: "[F]inding a constitutional violation based on official actions that were not directed at the parent-child relationship would stretch the concept of due process far beyond the guiding principles set forth by the Supreme Court."  *Id.* at 790.  Applying the above reasoning in *Russ*, this court recently rejected the constitutional claims of minor children in a case similar to the one at bar. *Estate of Perry v. Boone County Sheriff*, No. 1:05-cv-1153-LJM-WTL, 2008 WL 694696, at *12 (S.D. Ind. Mar. 12, 2008).

Here, MLM has alleged no state action which was aimed specifically at interfering with the relationship with his/her father.  Allowing MLM's constitutional claim based merely on the *incidental* interference with the relationship with his/her father absent any allegation of an *intentional* interference would "stretch the concept of due process far beyond the guiding principles set forth by the Supreme Court."  *Russ*, 414 F.3d at 790.  As such, MLM, as Decedent's minor child, has failed to state an individual constitutional claim arising out of the death of his/her father.  The County

21

Defendants' motion to dismiss MLM is granted.

For these reasons, the County Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.  Count I against the County Defendants is dismissed.  The § 1983 claims brought by the individual Plaintiffs, Kent Miller, Deidre Bockelman, Danielle Miller, in her individual capacity, and MLM, are dismissed.  Count IV against the County Defendants remains.  As discussed in note 4, *supra*, to the extent Plaintiffs' raise a claim against the members of the Whitley County Board of Commissioners in their individual capacities and separate constitutional claims for lack of an inmate classification system and staffing surveys, those claims are dismissed.

## V.      The County Defendants' Motion to Transfer Venue

The County Defendants also seek to transfer this case to the Northern District of Indiana, Fort Wayne Division, the Division in which Whitley County is located, under 28 U.S.C. §§ 1404(a) and 1406(a).  Because the County Defendants fail to argue why this case should be transferred under § 1406(a), governing transfer where venue is improper, the court will only consider the motion under § 1404(a), governing transfer for convenience.

Section 1404(a) provides:   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The movant bears the burden "of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217,

219–20 (7th Cir. 1986).  It is within the discretion of the district court to adjudicate

motions to transfer under § 1404(a) according to an "individualized, case-by-case

consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S.

22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "Transfer is

appropriate under § 1404(a) where the moving party establishes that (1) venue is proper

in the transferor district, (2) venue is proper in the transferee district, and (3) the transfer

will serve the convenience of the parties, the convenience of the witnesses, and the

interest of justice." *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp.

646, 651 (S.D. Ind. 1996).  The parties do not dispute that venue is proper in this court or

in the Northern District of Indiana, Fort Wayne Division.[5]

Thus, the court must only consider whether transferring the case will be more

convenient for the parties and witnesses and serve the interest of justice.  Factors

relevant to this analysis are: the convenience of the parties; plaintiff's choice of forum;

the situs of material events; the convenience of the witnesses; and with respect to the

interest of justice, the relation of the community to the claims at issue and the

desirability of resolving controversies which occurred in their locale.  *CMG Worldwide,*

*Inc. v. Bradford Licensing Assocs.*, No. 1:05-cv-423-DFH-TAB, 2006 WL 3248423, at

---

[5] The County Defendants imply that venue may not be proper in this court if the Indiana
State Police is dismissed from the case because it is the only resident Defendant in the Southern
District of Indiana.  However, venue is determined at the time an action commences and is
unaffected by a subsequent dismissal of parties.  *See Abdul-Ahad v. Top Tobacco Co.*, No. 99 C
4067, 1999 WL 967514, at *3 n.2 (N.D. Ill. Oct. 6, 1999) (citing *Exxon Corp. v. F.T.C.*, 588 F.2d
895, 899 (3d Cir. 1978)).  Therefore, the court's dismissal of the Indiana State Police does not
affect the propriety of venue in this District.

*4, *5 (S.D. Ind. Mar. 23, 2006); *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 904 (N.D. Ill. 2001).  Where the plaintiff's chosen forum is not plaintiff's home forum or lacks significant contact with the case, it is entitled to less deference.  *Plotkin*, 168 F. Supp. at 902.

The court finds that the factors in this case weigh in favor of transfer.  All of the remaining Defendants, including the Whitley County Sheriff's Department, Michael Schrader (Whitley County Sheriff), Wendell Enyeart (Administrator of the Whitley County Jail), Whitley County, and the Whitley County Board of Commissioners, reside in the Northern District of Indiana, specifically, Whitley County.[6]  Plaintiff's choice of forum in the Southern District of Indiana is entitled to less deference in this case because this District has little relation to the litigation.

Further, the situs of material events weighs in favor of transfer because the events in this case occurred in Whitley County, Indiana, including Decedent's stop and arrest and subsequent detention in the Whitley County Jail.  Litigating in the Northern District of Indiana would likely be more convenient for the witnesses because any witnesses relevant to this case likely reside in Whitley County, which is adjacent to Allen County, the county in which Fort Wayne is located.  Lastly, the interest of justice favor transfer to the Northern District of Indiana because the occurrence at issue involves government

---

[6] The court notes that the District in which Indiana State Police Trooper Reed resides is not alleged in the Complaint or provided in the briefing.  However, the court will infer from the facts in this case that he resides within the Northern District of Indiana, as he stopped and arrested Decedent in Whitley County while on duty as an Indiana State Trooper.

entities of Whitley County, and the citizens of the Northern District of Indiana have an interest in resolving controversies involving governmental entities in their locale.

For these reasons, the court finds that transferring this case to the Northern District of Indiana, Fort Wayne Division, is appropriate.

**VI.     Conclusion**

For the foregoing reasons, the State Defendants' motion to dismiss (Docket # 32) is **GRANTED** in part and **DENIED** in part.  Plaintiffs' state and federal claims against the Indiana State Police and Paul Whitesell, in his official capacity, are dismissed. Plaintiffs' state and federal claims against Trooper Reed remain.

The County Defendants' motion to dismiss (Docket # 35) is **GRANTED** in part and **DENIED** in part.  Count I against the County Defendants is dismissed.  Count IV against the County Defendants remains.  The § 1983 claims—which are not alleged in any one specific Count of the Complaint—brought by the individual Plaintiffs, Danielle Miller, in her individual capacity, MLM, Deidre Bockelman, and Kent Miller, are dismissed.

The County Defendants' motion to transfer (Docket # 37) is **GRANTED**.  The court therefore **TRANSFERS** this case to the **NORTHERN DISTRICT OF INDIANA, FORT WAYNE DIVISION**.

**SO ORDERED** this 8th day of August 2008.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Donald G. Banta
INDIANA STATE ATTORNEY GENERAL
Donald.Banta@atg.in.gov

Ralph E. Dowling
THE DOWLING LAW OFFICE
justicemanrd@comcast.net

Joseph James Montel
MONTEL LAW FIRM
jmontel@montellaw.com

Caren L. Pollack
MANDEL POLLACK & HORN
cpollack@mplaw.net

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Cory Christian Voight
INDIANA STATE ATTORNEY GENERAL
cory.voight@atg.in.gov